MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Roshni C. Kapoor, Bar No. 310612
roshni.kapoor@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
X CORP. f/k/a TWITTER, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

NHU WEINBERG, SAMANTHA GONGORA, JULIA STEELE, OMOLADE OGUNSANYA, NANCI SILLS, KRISTA BESSINGER, IKUHIRO IHARA, and others similarly situated,

Plaintiffs,

vs.

TWITTER, INC. and X CORP.,

Defendants.

Case No. 3:23-cv-04016-AMO

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Date:     June 6, 2024
Time:     2:00 p.m.
Judge:    Hon. Araceli Martinez-Olquin

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................. 1

    A. Weinberg Fails to State a Claim for FMLA Interference. .................................... 1

    B. Weinberg's Class Claim for FMLA Interference Also Fails. ............................... 3

        1. Weinberg's Proposed Class Definition is Fatally Uncertain...................... 3

        2. Weinberg's Alleged Statistics Do Not Support a Plausible Inference of Class Liability. ................................................................................. 4

        3. Weinberg Lacks Standing to Assert Claims on Behalf of Employees Who Were "Constructively Discharged." ................................................ 5

    C. Plaintiffs Fail to State a Claim for Disparate Treatment Discrimination Based on Race, Sex, or Age. ............................................................................. 5

        1. Plaintiffs' Statistics Fall Far Short of Supporting an Inference of Intentional Discrimination. ........................................................... 9

    D. Plaintiffs' Anecdotal Allegations About Musk's Stray Comments Fail to Support An Inference of Intentional Discrimination. ......................................... 10

    E. Plaintiffs Fail to State a Claim for Disparate Impact Discrimination Based on Race, Sex, or Age. ....................................................................................... 11

        1. Plaintiffs' Opposition Concedes that Plaintiff Ogunsanya Fails to Plead a Disparate Impact Race Discrimination Claim. ............................. 12

        2. Plaintiffs Weinberg, Gongora, Steele, Sills, and Bessinger Fail to Plead Disparate Impact Sex Discrimination Claims. ............................... 12

        3. Plaintiffs Bessinger and Ihara Fail to Plead Disparate Impact Age Discrimination Claims. ..................................................................... 13

III. CONCLUSION ........................................................................................................ 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Achal v. Gate Gourmet, Inc.*,
114 F. Supp. 3d 781 (N.D. Cal. 2015) ........................................................................ 8

*Ali v. PayPal, Inc.*,
2019 WL 11691431 (N.D. Cal. July 26, 2019), *aff'd*, 804 F. App'x 686 (9th
Cir. 2020) .................................................................................................................... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................. 5, 8, 10

*Asmo v. Keane, Inc.*,
471 F.3d 588 (6th Cir. 2006) ...................................................................................... 2

*Bachelder v. America West Airlines, Inc.*,
259 F.3d 1112 (9th Cir. 2001) .................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................... 7, 8, 14

*Borja-Valdes v. City & Cnty. of San Francisco*,
No. 3:14-CV-04168-CRB, 2015 WL 5522287 (N.D. Cal. Sept. 18, 2015)............... 8

*Chaidez v. Ford Motor Co.*,
937 F.3d 998 (7th Cir. 2019) ...................................................................................... 13

*Cooper v. Cate*,
No. 1:10-CV-899 AWI DLB, 2011 WL 5554321 (E.D. Cal. Nov. 15, 2011)........... 6

*Cress v. Nexo Fin. LLC*,
No. 23-CV-00882-TSH, 2023 WL 6609352 (N.D. Cal. Oct. 10, 2023)................... 12

*Duane v. IXL Learning, Inc.*,
2017 WL 2021358 (N.D. Cal. May 12, 2017) ........................................................... 2

*E.E.O.C. v. McDonnell Douglas Corp.*,
191 F.3d 948 (8th Cir. 1999)............................................................................... 2, 8, 13

*Egbukichi v. Wells Fargo Bank, NA*,
No. 3:15-CV-2033-SI, 2017 WL 1199737 (D. Or. Mar. 29, 2017)...................... 6, 7

*Fox v. Bonneville Admin.*,
243 F.3d 547 (9th Cir. 2000)...................................................................................... 14

ii

*Frank v. Potter*,
   1:08–CV–00595, 2009 WL 2982876 (S.D. Ohio Sept. 15, 2009) ........................................... 7

*Freeman v. Cnty. of Sacramento Dep't of Hum. Assistance*,
   2020 WL 2539268 (E.D. Cal. May 19, 2020)....................................................................... 8

*Fresquez v. County of Stanislaus*,
   2014 WL 1922560 (E.D. Cal. May 14, 2014)....................................................................... 6

*Freyd v. Univ. of Or.*,
   990 F.3d 1211 (9th Cir. 2021)............................................................................................. 12

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) .............................................................................................................. 4

*Gilligan v. Jamco Dev. Corp.*,
   108 F.3d 246 (9th Cir. 1997)................................................................................................. 8

*Goel v. Coal Am. Holding Co., Inc.*,
   2011 WL 13128300 (C.D. Cal. July 5, 2011) ...................................................................... 4

*Haney v. United Airlines, Inc.*,
   No. 15-CV-00474-VC, 2016 WL 80554 (N.D. Cal. Jan. 7, 2016) ...................................... 8

*Jeffrey v. Foster Wheeler LLC*,
   No. 14–CV–05585–WHO, 2015 WL 1004687 (N.D. Cal. Mar. 2, 2015)............................. 8

*Jue v. Costco Wholesale Corp.*,
   2010 WL 889284 (N.D. Cal. Mar. 11, 2010.) ...................................................................... 4

*Karlo v. Pittsburgh Glass Works, LLC*,
   849 F.3d 61 (3d Cir. 2017).................................................................................................. 13

*Karpe v. Chao*,
   416 F. Supp. 3d 1021 (S.D. Cal. 2019) .............................................................................. 13

*Lee v. Hertz Corp.*,
   330 F.R.D. 557 (N.D. Cal. 2019) ......................................................................................... 8

*Linder v. Golden Gate Bridge, Highway & Transportation Dist.*,
   No. 4:14-CV-03861 SC, 2015 WL 4623710 (N.D. Cal. Aug. 3, 2015)............................... 12

*Lindsey v. Claremont Middle Sch.*,
   No. C 12-02639 LB, 2012 WL 5988548 (N.D. Cal. Nov. 29, 2012)...................................... 8

*Marziano v. Cnty. of Marin*,
   No. C-10-2740 EMC, 2010 WL 3895528 (N.D. Cal. Oct. 4, 2010)................................... 6, 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

*Mi Pueblo San Jose, Inc. v. City of Oakland*,
   2006 WL 2850016 (N.D. Cal. Oct. 4, 2006)................................................................ 9, 10

*Montoya v. City of San Diego*,
   2021 WL 2350927 (S.D. Cal. June 9, 2021) ................................................................... 4

*Mora v. U.S. Bank*,
   No. CV–15–02436–DDP, 2015 WL 4537218 (C.D. Cal. July 27, 2015)........................... 8

*Nat'l Fair Hous. All. v. Fed. Nat'l Mortg. Ass'n ("Fannie Mae")*,
   294 F. Supp. 3d 940 (N.D. Cal. 2018) ................................................................... 3, 5, 10

*O'Connor v. Consol. Coin Caterers Corp.*,
   517 U.S. 308 (1996) ................................................................................................. 13

*Paige v. California*,
   233 F. App'x 646 (9th Cir. 2007) ............................................................................ 9, 14

*Pottenger v. Potlach Corp.*,
   329 F.3d 740 (9th Cir. 2003)................................................................................... 5, 11

*Rose v. Wells Fargo & Co.*,
   902 F.2d 1417 (9th Cir. 1990) ...................................................................................... 11

*Rudwall v. Blackrock, Inc.*,
   2011 WL 767965 (N.D. Cal. Feb. 28, 2011) ................................................................. 13

*Sablan v. A.B. Won Pat Int'l Airport Auth. Guam*,
   2010 WL 5148202 (D. Guam Dec. 9, 2010) ................................................................... 8

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ........................................................................... 3

*Sheppard v. David Evans & Assoc.*,
   694 F.3d 1045 (9th Cir. 2012)........................................................................................ 7

*Simms v. DNC Parks & Resorts at Tenaya, Inc.*,
   2015 WL 1956441 (E.D. Cal. April 29, 2015)................................................................. 2

*Sparks v. S. Kitsap Sch. Dist.*,
   No. 3:13–CV–05682–RBL, 2014 WL 1047217 (W.D.Wash. Mar. 18, 2014) ...................... 8

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011).......................................................................... 12

*Stout v. Potter*,
   276 F.3d 1118 (9th Cir. 2002) ...................................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

*Taylor v. Accredited Home Lenders, Inc.*,
    580 F.Supp.2d 1062 (S.D. Cal. 2008) ....................................................................... 8

*Travers v. Flight Servs. & Sys., Inc.*,
    737 F.3d 144 (1st Cir. 2013) ....................................................................... 10, 11

*Tsur v. Intel Corp.*,
    2022 WL 17985573 (D. Or. Dec. 29, 2022) ....................................................................... 11

*Usher v. O'Reilly Auto., Inc.*,
    2014 WL 12597587 (C.D. Cal. May 27, 2014) ....................................................................... 10

*Vizcaino v. Areas USA, Inc.*,
    2015 WL 13573816 (C.D. Cal. Apr. 17, 2015) ....................................................................... 6

*Watson v. Fort Worth Bank & Tr.*,
    487 U.S. 977 (1988) ....................................................................... 9

*Weisbuch v. County of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) ....................................................................... 13, 14

*Williams v. USW, AFL–CIO, Local 7697*,
    No. 1:09–cv–743, 2010 WL 909883 (S.D. Ohio Mar. 10, 2010) ....................................................................... 7

*Xin Liu v. Amway Corp.*,
    347 F.3d 1125 (9th Cir. 2003) ....................................................................... 2

*Zamora v. Penske Truck Leasing Co., L.P.*,
    2021 WL 809403 (C.D. Cal. Mar. 3, 2021) ....................................................................... 5

*Zeman v. Twitter, Inc.*,
    2023 WL 5599609 (N.D. Cal. Aug. 29, 2023) ....................................................................... 13, 14

**Statutes**

ADEA ....................................................................... 13, 14

FMLA ....................................................................... *passim*

**Other Authorities**

Federal Rule of Procedure 12 ....................................................................... 14

Rule 8 ....................................................................... 5, 10

Rule 12(b)(6) ....................................................................... 9

Rule 23 ....................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1

## I.    INTRODUCTION

Plaintiffs' Opposition does not explain away the defects in their Complaint.  Plaintiff Weinberg fails to state an individual FMLA claim because she fails to allege facts demonstrating that her FMLA leave was a negative factor in the decision to terminate her employment.  The fact that Defendant Twitter, Inc., predecessor in interest to X Corp. (collectively, "X"), terminated Weinberg as part of a mass layoff that "affected well more than half of [X]'s workforce" undermines any plausible inference of FMLA interference because her claim is predicated on nothing but the temporal proximity of her leave to the mass layoff.  Plaintiff's statistics also do nothing to advance Weinberg's FMLA claim because they do not even encompass Weinberg herself, and they include employees on all types of leave (not just FMLA leave).  Weinberg's putative class claim for FMLA interference fails for the additional reasons that her proposed class is fatally uncertain and she lacks standing to assert claims on behalf of employees who were "constructively discharged."

Plaintiffs' race, sex, and age discrimination claims fare no better.  The Complaint fails to plausibly allege disparate treatment claims because it is devoid of factual allegations that they were performing their jobs satisfactorily, that similarly situated employees were treated more favorably than Plaintiffs, or any other facts that might support an inference of intentional discrimination.  In addition, the Complaint fails to plausibly allege a disparate impact claim related to the RIF because the Complaint does not identify a specific employment practice that caused a purported disparity.  Plaintiffs' disparate impact claims also fail because their statistics on age and gender do not plausibly suggest any disparate impact based on their membership in protected groups, and the Complaint contains no race statistics at all.

The Court should grant X's Motion to Dismiss the Complaint in its entirety.

## II.    ARGUMENT

### A.    Weinberg Fails to State a Claim for FMLA Interference.

According to Weinberg, the fact that she was laid off within one month of her return from FMLA leave, standing alone, is sufficient to state a claim for FMLA Interference.  *See* Opp., 8:21-9:22.  But the timing of Weinberg's leave and her termination cannot be evaluated in a

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

vacuum.  Weinberg concedes that she and 2,620 other employees were impacted by "a mass layoff that affected well more than half of Twitter's workforce."  *See* Compl., ¶¶ 23, 33.  Given the sheer scale of the layoff at issue here, the temporal proximity of her layoff to her leave is insufficient.  Weinberg must allege additional facts to plausibly suggest that her FMLA leave was "a negative factor in the decision to terminate [her]."  *See Simms v. DNC Parks & Resorts at Tenaya, Inc.*, 2015 WL 1956441, at *4 (E.D. Cal. April 29, 2015) (citing *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001)) (A plaintiff "needs to sufficiently allege, with direct or circumstantial evidence or both, that his taking FMLA-protected leave constituted a negative factor in the decision to terminate him").

Weinberg therefore gets no mileage from her authorities that involve individual termination decisions.  *See, e.g., Duane v. IXL Learning, Inc.*, 2017 WL 2021358, at *2 (N.D. Cal. May 12, 2017) (plaintiff was terminated eight days after returning from FMLA leave; no other employees were terminated); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1137 (9th Cir. 2003) (plaintiff who was terminated upon her return from parental leave was the only employee impacted by a company "downsizing").

Plaintiff also cites *Asmo v. Keane, Inc.*, 471 F.3d 588 (6th Cir. 2006), an out-of-Circuit case that involved a small-scale layoff (approximately 30 employees) that was nowhere near the same scope as the mass layoff at issue in this action.  Moreover, *Asmo* involved a claim for pregnancy discrimination—not FMLA interference—and therefore is subject to the *McDonnell Douglas* framework, which is inapplicable to FMLA interference claims.  *See Bachelder*, 259 F.3d at 1125 ("The *McDonnell Douglas* approach is inapplicable here[.]").

Weinberg's only other factual allegation that she offers to support an inference that her FMLA leave was a "negative factor" that led to her layoff is that X allegedly laid off 60% of employees who were "on leave" on November 4, compared to "51% of employees overall."  *See* Compl., ¶ 30.  Weinberg argues that this statistic, even if "imperfect," is sufficient to "support[] an inference of discrimination against employees who were on or had recently taken FMLA leave[.]"  Opp., 9:28-10:7.  Not so.  As set forth in X's moving papers, Weinberg's statistic is drawn from inappropriate comparators because it is not limited to employees on FMLA leave.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

Mot., 7:19-8:1 (collecting cases).  Rather, it encompasses employees on any type of leave, which necessarily includes unprotected leaves (e.g., a personal leave of absence) and non-FMLA leaves that are not at issue in this action.  Citing *National Fair Housing Alliance v. Federal National Mortgage Association*, Plaintiff argues that she need not defend her methodology for drawing statistics at the pleading stage.  294 F.Supp.3d 940, 948 (N.D. Cal. 2018).  But methodology is not the problem here.  Rather, the problem is that her statistics report on the wrong group of employees, regardless of what method she used.  And even if her statistics about employees on leave were properly limited to those on FMLA leave, the statistics still would not help her because she was not on leave at the time.  *See* Compl., ¶ 29 ("Weinberg was informed of her layoff on November 4, 2022, less than a month after returning from 10 weeks of FMLA leave.").  Thus, she is not even within the purportedly disadvantaged group.

Finally, Weinberg ignores X's argument that her statistics draw an incorrect comparison between the number of employees who were on (any type of) leave and the "overall" population when the correct comparison is between those employees who were on FMLA leave versus those who were not on FMLA leave—something that Weinberg concedes elsewhere in her Complaint.  *See, e.g.,* Compl., ¶¶ 34-42 (comparing female layoffs to male layoffs, not female layoffs to overall layoffs).

In a last-ditch effort, Weinberg argues that "even if a plaintiff's 'statistics alone do not permit an inference of discrimination … the court may nevertheless draw such an inference if 'enough other probative evidence exists to permit [that] inference.'"  Opp., 10:11-15.  But, as explained above, the Complaint contains no other facts to warrant an inference of a FMLA-based disparity.  Accordingly, the Court should dismiss Plaintiff Weinberg's claim for FMLA interference.

### B.  **Weinberg's Class Claim for FMLA Interference Also Fails.**

#### 1.  **Weinberg's Proposed Class Definition is Fatally Uncertain.**

Although motions to strike class allegations may be "disfavored," they are appropriate in a variety of instances.  *See, e.g., Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (citations omitted) ("Where the complaint demonstrates that a class action cannot be maintained

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

on the facts alleged, a defendant may move to strike class allegations prior to discovery"); *see also General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim").  This case is one of them.

The primary defect with Weinberg's putative class claims is that Weinberg's proposed class is fatally uncertain and unascertainable.  Weinberg argues that "the proposed class consists of an objectively identifiable group of people (former X employees who had recently taken or were preparing to take FMLA leave) who all suffered an objectively identifiable adverse employment action (selection for layoffs as part of the RIF)."  Opp., 12:21-25.  Weinberg fails to explain what the phrases "recently taken" and "preparing to take" mean or how to determine which employees are deemed to have "recently taken" or were "preparing to take" FMLA leave. This is exactly the type of vague and imprecise terminology that renders a proposed class definition fatally uncertain.  *See, e.g., Goel v. Coal Am. Holding Co., Inc.,* 2011 WL 13128300, at *8-9 (C.D. Cal. July 5, 2011) (rejecting class of "cardiologists" in "Southern California" who "unknowingly" had discounts taken against payments to them); *Montoya v. City of San Diego*, 2021 WL 2350927, at *2 (S.D. Cal. June 9, 2021) (declining certification due to use of various vague terms in class definition).

### 2. Weinberg's Alleged Statistics Do Not Support a Plausible Inference of Class Liability.

Weinberg fails to meaningfully address X's explanation that Weinberg's statistics fail to plausibly support a class claim, instead focusing on why challenges to class claims are disfavored at the pleading stage.  However, at the pleading stage, Plaintiff is obligated to support her class allegations with "sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted."  *Jue v. Costco Wholesale Corp.*, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010.)  She has failed to do so here.  Indeed, Weinberg's statistics cover employees who were on any type of leave at the time of the November 4 RIF, *see* Compl., ¶ 30, which has no bearing on Weinberg's putative class claims that cover a different group of employees (i.e., those who had "recently taken" or were "preparing to take" FMLA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

leave).  Weinberg cannot rely upon irrelevant statistics to support an inference of class liability here.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (stating that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *see also Zamora v. Penske Truck Leasing Co., L.P.*, 2021 WL 809403, at *3 (C.D. Cal. Mar. 3, 2021) ("Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter [of class discovery].").

### 3.   Weinberg Lacks Standing to Assert Claims on Behalf of Employees Who Were "Constructively Discharged."

Weinberg does not dispute that she lacks standing to pursue claims on behalf of employees who were allegedly constructively discharged.  She instead asserts that because she has standing to assert a FMLA claim, the question of whether she can assert a claim on behalf of employees who were "constructively discharged" is a Rule 23 issue that the Court should reserve until class certification.  Opp., 13:24-14:20.  But the fact that a plaintiff has standing to assert *some* claim under a statute does not entail that the plaintiff has standing to assert *all* claims under the statute, and Plaintiff concedes that she did not suffer the alleged injury of a constructive discharge.  Thus, dismissal at the pleading stage is the proper disposition.  *See Strifling* Order 13, n.8 ("Regardless of whether the Post-RIF Policy is a 'constructive discharge' or not, it was not a discharge to which Plaintiffs were subjected.") (citing *Pottenger v. Potlach Corp.*, 329 F.3d 740, 750 (9th Cir. 2003) (explaining in the disparate impact context that "[a plaintiff] must show that [they were] subject to the particular employment practice" that they are challenging)).

### C.   Plaintiffs Fail to State a Claim for Disparate Treatment Discrimination Based on Race, Sex, or Age.

Like the failed sex-discrimination complaint in *Strifling*, Plaintiffs' Complaint here is "devoid of basic information" about the nature and conditions of Plaintiffs' employment and terminations that might support plausible disparate treatment discrimination claims based on their race, sex, or age.  *Strifling* Order[1] at 7; *see also* Mot. at 11-12, 14-15, 17.  In their Complaint, Plaintiffs say nothing about their roles, qualifications, job performance, or abilities.  They also do

---

[1] "*Strifling* Order" throughout refers to Exhibit 1 to X's Request for Judicial Notice in Support of Its Motion to Dismiss ("RJN") at ECF No. 24.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1    not "describe their positions prior to the RIF," "allege that they were satisfactorily performing in

2    those positions,"[2] or "identify the 'small group of managers'" who selected them for the RIF.

3    *Strifling* Order at 7-8.  Nor do they allege the races, genders, or ages of employees who

4    performed similar jobs as Plaintiffs, or that any decisionmaker(s) knew the races, genders, or ages

5    of employees when making RIF selections.  *See generally* Compl.

6            Plaintiffs' Complaint also fails to allege facts to plausibly suggest that X treated Plaintiffs

7    differently than similarly situated employees, based on their race (Plaintiff Ogunsanya), sex

8    (Plaintiffs Weinberg, Gongora, Steele, Sills, and Bessinger), or age (Plaintiffs Bessinger and

9    Ihara).  For their part, Plaintiffs argue that they should not be "fault[ed]" for failing to provide

10   "detailed descriptions of similarly situated employees who were treated more favorably than they

11   were" because courts in the Ninth Circuit have "made clear this kind of factual detail is

12   unnecessary at this stage."  Opp. at 17-18.  While courts have found that Plaintiffs need not

13   "name names" at the pleading stage, Plaintiffs are still required to plead facts that *plausibly*

14   suggest they were treated differently than similarly situated employees, which requires more than

15   a "naked assertion that similarly situated persons were treated more favorably."  *Marziano v.*

16   *Cnty. of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at *8 (N.D. Cal. Oct. 4, 2010).

17           Plaintiffs' reliance on the *Marziano* decision is misplaced.[3]  Notably, the court in

18   ─────────────────────

19   [2] Plaintiffs generically allege that their performance "met the company's expectations."  *See*
     Compl., ¶¶ 9-15.  But Plaintiffs' Opposition fails to address the authority cited in X's moving

20   papers regarding the pleading requirements for alleging satisfactory performance.  *See Vizcaino v.*
     *Areas USA, Inc.*, 2015 WL 13573816, at *4 (C.D. Cal. Apr. 17, 2015); *Fresquez v. County of*

21   *Stanislaus,* 2014 WL 1922560, at *5 (E.D. Cal. May 14, 2014); *see also* ECF No. 24 RJN, Ex. 1
     (*Strifling* Order at 7).  While Plaintiffs vaguely contend in a footnote that, "[g]iven the U.S.

22   Supreme Court and Ninth Circuit precedent, Plaintiffs respectfully disagree with the Strifling
     decision[,]" Plaintiffs fail to cite to the supposed Supreme Court and Ninth Circuit precedent they

23   believe to be conflicting here.  Opp. at 17, n.4.

24   [3] The two other cases that Plaintiffs rely on do nothing to advance their arguments here.  In
     *Cooper*, the plaintiff alleged that the defendant "treated employees with [plaintiff's] rank and

25   classification who were substantially younger than she more favorably than it treated her,
     including but not limited to, not redirecting them to out of class positions."  *Cooper v. Cate*, No.

26   1:10-CV-899 AWI DLB, 2011 WL 5554321, at *11 (E.D. Cal. Nov. 15, 2011).  The court in
     *Cooper* found that "[t]his allegation sufficiently identifies an example of how substantially

27   younger employees were treated more favorably" and that dismissal was not appropriate.  *Id.*
     Further, the court in *Egbukichi* found that the "[p]laintiffs' allegations [we]re sufficient to survive

28   a motion to dismiss" where the plaintiffs alleged that "Defendant provided HAMP modifications

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

*Marziano* emphasized that there is varying case law with differing conclusions regarding the level of detail required to plausibly allege that similarly situated persons were treated more favorably. *Marziano*, 2010 WL 3895528, at *8.  And the decisions that the *Marziano* court cited approvingly further emphasize how Plaintiffs' allegations are deficient.  *See id.* (citing *Williams v. USW, AFL–CIO, Local 7697*, No. 1:09–cv–743, 2010 WL 909883, *5 (S.D. Ohio Mar. 10, 2010) (finding *Twombly* problem where plaintiff failed to allege, for example, that the defendant "treated similarly-situated non-Black employees who had pending grievances more favorably than Williams was treated" or that any of defendant's "officials made discriminatory statements," and that plaintiff's "conclusory" assertion that " 'younger workers are treated more favorably' " was "an insufficient 'formulaic recitation of the element[ ] of a cause of action'"), and *Frank v. Potter*, 1:08–CV–00595, 2009 WL 2982876 (S.D. Ohio Sept. 15, 2009) (concluding that "Plaintiff does more than proffer conclusory allegations that similarly-situated persons received different treatment"—she "identifies her supervisors whom she alleges engaged in discrimination" and the "specific actions they took" and "[s]he alleges that both men and employees of a different race, African–American, were treated differently")).  Here, like in *Williams* (where the claim failed), Plaintiffs have alleged only naked assertions that white, male, and younger employees were treated more favorably than Plaintiffs as a result of X's November 4 RIF.  And unlike in *Frank* (where the claim succeeded), Plaintiffs fail to identify any supervisors whom they allege "engaged in discrimination" and what "specific actions they took."

Faced with those shortcomings, Plaintiffs attempt to dodge their pleading burden by noting that they are not required to plead every element of the prima facie case at the pleading stage.  Opp. at 15:11-17.  While it is true that a complaint need not prove the plaintiff's prima facie case, the elements of a prima facie case are undoubtedly the lens through which a court analyzes the sufficiency of a claim under *Twombly*'s "plausibility" standard.[4]  *See Sheppard v. David Evans &*

---

to similarly situated white applicants around the same time that Defendant denied Plaintiffs' request for a HAMP modification."  *Egbukichi v. Wells Fargo Bank, NA*, No. 3:15-CV-2033-SI, 2017 WL 1199737, at *3-4 (D. Or. Mar. 29, 2017).  In short, the plaintiffs in these cases provided more detailed allegations than Plaintiffs do here.

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

*Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (finding that "[t]o establish a prima facie case of discrimination, a plaintiff must allege ***in her complaint***" the prima facie elements of the claim) (emphasis added); *Lindsey v. Claremont Middle Sch.*, No. C 12-02639 LB, 2012 WL 5988548, at *2 (N.D. Cal. Nov. 29, 2012) ("[E]ven though [plaintiff] does not need to establish *prima facie* cases for his or her claims at [the pleading stage], the court will look to the ***required elements*** to determine whether the facts that are alleged state ***plausible*** claims for relief.") (emphasis added).[5] Plaintiffs' own authorities prove the same point.[6]

---

[5] *See also, e.g.*, *Ali v. PayPal, Inc.*, 2019 WL 11691431, at *6 (N.D. Cal. July 26, 2019), *aff'd*, 804 F. App'x 686 (9th Cir. 2020) ("[T]he elements of a prima facie case are helpful in determining whether a plaintiff has alleged sufficient facts to state a plausible claim for relief); *Lee v. Hertz Corp.*, 330 F.R.D. 557, 561 (N.D. Cal. 2019) (although plaintiffs "need not prove the prima facie elements to survive a motion to dismiss," they "must plead the general elements to make a claim facially plausible"); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 793, 796–97 (N.D. Cal. 2015) (stating complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery" and that courts "look to those [prima facie] elements to analyze a motion to dismiss" to decide plausibility"); *Freeman v. Cnty. of Sacramento Dep't of Hum. Assistance,* 2020 WL 2539268, at *2 (E.D. Cal. May 19, 2020) ("[C]ourts look to the prima facie elements [of a claim] to analyze a motion to dismiss" under the plausibility standard); *Sablan v. A.B. Won Pat Int'l Airport Auth. Guam*, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010) (concluding "district courts in the Ninth Circuit" take the position that the "elements of a prima facie case . . . are . . . relevant to the court's analysis of the sufficiency of the complaint").

[6] Plaintiffs cite to *Haney* to argue that they "need not plead a <u>McDonnell Douglas</u> prima facie case . . . to survive a motion to dismiss." Pl. Opp. at 15:14-16 (citing *Haney v. United Airlines, Inc.*, No. 15-CV-00474-VC, 2016 WL 80554, at *1 (N.D. Cal. Jan. 7, 2016)). However, *Haney* cites to *Borja-Valdes* in support of this position, and *Borja-Valdes* explains that this reasoning stems from a Ninth Circuit decision that was decided <u>before</u> *Twombly* and *Iqbal.* *See Borja-Valdes v. City & Cnty. of San Francisco*, No. 3:14-CV-04168-CRB, 2015 WL 5522287, at *8, n.5 (N.D. Cal. Sept. 18, 2015) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Since *Twombly* and *Iqbal*, several district courts—including courts in the Northern District of California—have treated *Gilligan* as "implicitly overruled." *Id.*; *Jeffrey v. Foster Wheeler LLC,* No. 14–CV–05585–WHO, 2015 WL 1004687, at *1 (N.D. Cal. Mar. 2, 2015) (finding that "*Gilligan* does not save plaintiffs' complaint" because "*Gilligan* was decided years before *Iqbal* and *Twombly* and does not control over the pleading standards articulated in those cases); *Mora v. U.S. Bank,* No. CV–15–02436–DDP (AJWx), 2015 WL 4537218, at *7 n.3 (C.D. Cal. July 27, 2015); *see also Taylor v. Accredited Home Lenders, Inc.,* 580 F.Supp.2d 1062, 1068 (S.D. Cal. 2008) (interpreting *Gilligan* to mean that the plaintiff need not ***prove*** a prima facie case, but must still ***plead*** the general disparate impact elements); *Sparks v. S. Kitsap Sch. Dist.,* No. 3:13–CV–05682–RBL, 2014 WL 1047217, at *3 (W.D.Wash. Mar. 18, 2014) (finding that *Gilligan* was "decided years before *Iqbal* and *Twombly* and [is] entirely inapplicable now.")

1.     **Plaintiffs' Statistics Fall Far Short of Supporting an Inference of Intentional Discrimination.**

Plaintiffs contend that X "diminishes the probative value of Plaintiffs' statistical analyses" and "other evidence that might ultimately be relevant" to give rise to their intentional discrimination claims.  Opp. at 17:2-15.  To be clear, Plaintiffs have alleged ***zero*** statistical evidence in support of Plaintiff Ogunsanya's race discrimination claim.  Mot. at 13:11-20.  As for the statistical evidence provided in support of Plaintiffs' sex discrimination claims, the Complaint's internal inconsistencies about the alleged figures undermine the plausibility on an inference drawn from them.  Mot. at 15-16.

Regarding Plaintiffs' age statistics, the Ninth Circuit has made clear that a disparity at 1.936 standard deviations is not statistically significant.  *See Paige v. California*, 233 F. App'x 646, 648 (9th Cir. 2007) (recognizing statistical significance threshold of 1.96 standard deviations).  In response, Plaintiffs argue that the Supreme Court has not set a minimum threshold for a prima facie case of discrimination.  *See* Opp. at 17:10-15 (citing *Watson v. Fort Worth Bank & Tr.*, 487 U.S. 977, 998, n.3 (1988)).  But *Watson* involved a disparate impact claim, not a claim for intentional discrimination, and while *Watson* did not adopt a specific quantitative test, it explained that the Supreme Court has "consistently stressed" that statistical disparities must be "sufficiently substantial that they raise such an inference of causation."  *Id.* at 995.  Further *Paige* was decided after *Watson*, and Plaintiffs have cited no contrary authority.  *See Paige*, 233 F. App'x at 648 (holding that a "higher threshold" than 1.96 standard deviations is "require[ed]" for a claim of "***intentional*** discrimination" (emphasis in original)).

Plaintiffs further contend that X's arguments "disregard[] the proce[]dural posture of the case" and that "[P]laintiffs need not prove every assertion to bring suit or to survive a Rule 12(b)(6) motion to dismiss."  Opp. at 17 (citing *Mi Pueblo San Jose, Inc. v. City of Oakland*, 2006 WL 2850016, at *4 (N.D. Cal. Oct. 4, 2006))[7].  But Plaintiffs still must plead a plausible claim for

---

[7] Plaintiffs' reliance on *Mi Pueblo San Jose, Inc.* to downplay their pleading requirements here is unavailing.  In *Mi Pueblo San Jose, Inc.*, the plaintiffs brought race discrimination claims under section 1981.  2006 WL 2850016, at *8.  The court held that "[e]ven though a plaintiff's allegations are deemed admitted for purposes of a motion to dismiss, ***these allegations may not be mere legal conclusions***.  Plaintiff must plead an "overt act which [] gives substance to his

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1   relief.  Again, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a

2   plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. at 662, 678-79

3   (2009).  Plaintiffs also cite to *National Fair Housing Alliance* to argue that any "alleged

4   deficiencies in methodology go to the weight of the evidence and are not dispositive" at this

5   pleading stage.  Opp. at 17 (citing *Nat'l Fair Hous. All. v. Fed. Nat'l Mortg. Ass'n ("Fannie*

6   *Mae")*, 294 F. Supp. 3d 940, 948 (N.D. Cal. 2018)).  However, in *National Fair Housing*

7   *Alliance*, the court found that "Plaintiffs ha[d] sufficiently alleged statistical evidence

8   demonstrating a causal connection" to support their disparate impact claim.  *Nat'l Fair Hous. All.*,

9   294 F. Supp. 3d at 948.  Here, by contrast, Plaintiffs' age and gender statistics fail to support a

10   plausible claim for intentional discrimination (and they have no race statistics at all).

### D.   Plaintiffs' Anecdotal Allegations About Musk's Stray Comments Fail to Support An Inference of Intentional Discrimination.

13       Other than their statistics, the only other allegations that they offer in support of their

14   disparate treatment claims are stray comments by Musk that are wholly disconnected from the

15   RIF and its decisionmakers, or even employment practices generally.  Plaintiffs assert that two

16   cases—*Usher* and *Travers*—support drawing an inference of intentional age discrimination based

17   on Musk's conduct.  *See* Opp. at 18:7-26.  Plaintiffs are wrong.  In *Usher*, the plaintiff alleged his

18   direct supervisors and managers "repeatedly" made disparaging age-related comments to him,

19   that age harassment was an "everyday occurrence," and that a manager told him that leadership

20   intentionally changed his job schedule "in hopes that [he] would quit voluntarily due to his age."

21   *Usher v. O'Reilly Auto., Inc.*, 2014 WL 12597587, at *1 (C.D. Cal. May 27, 2014).  Here, by

22   contrast, none of the Plaintiffs allege that their (unidentified) managers made disparaging

23   comments to them based on their race, sex, or age to support an inference of discrimination.

24       Plaintiffs also argue that Musk "set the tone and mission for his subordinates" and then

25   cite *Travers*, a case where the CEO made "express directives" to the plaintiff's supervisor to "get

26

---

27   claim of discrimination and takes it from the realm of purely unsupported conclusory
     allegations."  *Id.* (emphasis added).  *Mi Pueblo San Jose, Inc.* provides no support for Plaintiffs'

28   "purely unsupported conclusory allegations" here.

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1   rid of [plaintiff]" and "talk [plaintiff] into dropping the lawsuit." *Travers v. Flight Servs. & Sys.,*

2   *Inc.*, 737 F.3d 144, 145, 147 (1st Cir. 2013).  But this comparison to *Travers* is gratuitous

3   argument.  The Complaint contains no non-conclusory allegation that suggests Musk directed his

4   subordinates or even "set the tone" for the RIF selections, let alone gave race-, sex-, or age-

5   discriminatory directives.

6        In short, Plaintiffs' Complaint fails to plausibly allege that X intentionally discriminated

7   against them or anyone else on the basis of race, sex, or age.

8        **E.**        **Plaintiffs Fail to State a Claim for Disparate Impact Discrimination Based on**
             **Race, Sex, or Age.**

9

10       Plaintiffs' disparate impact claims fail because the Complaint does not identify a specific,

11   facially neutral employment practice that caused the purported disparity.  *Stout v. Potter*, 276

12   F.3d 1118, 1121 (9th Cir. 2002).  The Complaint does nothing but assert that an unidentified

13   "small group of managers" made RIF decisions under "extremely hurried circumstances, with

14   little if any regard given to employees' job performance, qualification, experience, and abilities."

15   Compl. ¶¶ 24, 26.  These allegations only allege (in a conclusory way) the absence of several

16   factors in the RIF selection; they do not allege what practice, criteria or process X ***did employ***—

17   whether "subjective" or otherwise—that caused the alleged disparities.  As a result, the

18   Complaint's allegations are insufficient to state a disparate impact claim.  *See* Mot. at 14:6-19

19   (collecting authorities).

20       Plaintiffs' authorities providing that a reduction in force "can be" a specific employment

21   practice do not change this conclusion, and their allegations pale in comparison to the specific

22   employment practices that were identified in the cases they cite.  *Compare* Compl. ¶¶ 24, 26, *with*

23   *Tsur v. Intel Corp.*, 2022 WL 17985573, at *13 (D. Or. Dec. 29, 2022) (targeting a RIF's "layoff

24   criteria" that included employees' "SSL [Stock Share Level] awards," which were "not

25   performance-based and were directed more to junior grade employees"); *Rose v. Wells Fargo &*

26   *Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990) (identifying "outwardly neutral practice" of selecting

27   employees for RIF through "subjective determination by department heads," considering

28   "performance and longevity" but "otherwise discretionary and subjective"); *Pottenger v. Potlach*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

*Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (targeted an "objective, four-step evaluation process used to identify employees to be terminated"); *Freyd v. Univ. of Or.*, 990 F.3d 1211, 1215, 1224 (9th Cir. 2021) (holding plaintiff "does not challenge the general practice of awarding retention bonuses" but specifically the "practice of awarding retention raises" for predominantly male professors who received competing offers "without also increasing the salaries of other professors of comparable merit and seniority").

In addition, as explained above, their age and gender statistics fail to support an inference of a significant disparity between members and non-members of the protected groups.

### 1. Plaintiffs' Opposition Concedes that Plaintiff Ogunsanya Fails to Plead a Disparate Impact Race Discrimination Claim.

Plaintiffs' Opposition fails to respond to X's arguments in its moving papers regarding the deficiencies with Plaintiff Ogunsanya's race-based disparate impact claim. *See* Mot. at. 13. This is a notable omission, given that the Opposition devotes separate subsections to the sex-based and age-based disparate impact claims. *See* Opp. at 22-25 (including subsections III.D.2.ii and iii). Plaintiffs' lack of a response should be construed as an abandonment of the race-based disparate impact claim. *Cress v. Nexo Fin. LLC*, No. 23-CV-00882-TSH, 2023 WL 6609352, at *14 (N.D. Cal. Oct. 10, 2023) ("Cress's opposition does not respond to Nexo's argument and thus concedes it."); *Linder v. Golden Gate Bridge, Highway & Transportation Dist.*, No. 4:14-CV-03861 SC, 2015 WL 4623710, at *4 (N.D. Cal. Aug. 3, 2015) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011)).

### 2. Plaintiffs Weinberg, Gongora, Steele, Sills, and Bessinger Fail to Plead Disparate Impact Sex Discrimination Claims.

Plaintiffs contend that the inconsistent data points alleged in their Complaint are a non-issue, because all that matters at this stage "is that all the statistics contained in Plaintiffs' complaint support rather than detract from its allegation of disparate impact." Opp. at 24:10-12. But detracting from the plausibility of her claims is precisely what Plaintiffs' internally

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1    inconsistent statistics do.  *See* Mot. at 16:3-14 (collecting authorities).  Plaintiffs also argue that it

2    is "unnecessary" and "inappropriate" for the Court to consider the validity of a statistical analysis

3    at the pleading stage, citing to *Chaidez* and *Karpe* in support of this proposition, but this

4    argument misses the mark.  *See* Opp. at 22:15-24 (citing *Chaidez v. Ford Motor Co.*, 937 F.3d

5    998, 1007 (7th Cir. 2019) and *Karpe v. Chao*, 416 F. Supp. 3d 1021, 1029 (S.D. Cal. 2019).  X's

6    argument is that Plaintiffs' ***own*** contradictory pleading makes the Complaint implausible on its

7    face, and neither *Chaidez* nor *Karpe* provides support for Plaintiffs' contention that their

8    internally inconsistent pleading is inconsequential.  Indeed, plausible pleading is the requirement

9    at this juncture, and "[w]hether the case can be dismissed on the pleadings depends on what the

10   pleadings say."  *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 & n.1 (9th Cir. 1997).

### 3.   Plaintiffs Bessinger and Ihara Fail to Plead Disparate Impact Age Discrimination Claims.

13          Plaintiffs rely on Judge Illston's order in *Zeman* to argue that their disparate impact claim

14   based on their "subgroup" as older workers ages 50 or older is proper.  *See* Opp. at 24-25 (citing

15   *Zeman v. Twitter, Inc.*, 2023 WL 5599609, at *5 (N.D. Cal. Aug. 29, 2023)).  Respectfully, the

16   conclusion reached in *Zeman* is legal error.  The *Zeman* decision is at odds with the majority of

17   appellate courts and district courts in this Circuit and embraces the minority view of the Third and

18   Seventh Circuits.  *Id.*  The Third Circuit's leading analysis on subgroups in ADEA disparate

19   impact claims rests on the Supreme Court's holding in *O'Connor*, which recognized a ***disparate***

20   ***treatment*** claim by an individual who was disfavored over another within the protected class of

21   age 40 and over.  Opp. at 25:5-6 (citing *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 71

22   (3d Cir. 2017); *see also O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996)).  As the

23   Eighth Circuit correctly recognized, however, *O'Connor*'s holding is limited to cases with

24   discriminatory animus and does not "have any relevance to our analysis" for disparate impact.

25   *E.E.O.C. v. McDonnell Douglas Corp.*, 191 F.3d 948, 951 (8th Cir. 1999); *see also, e.g.*, *Rudwall*

26   *v. Blackrock, Inc.*, 2011 WL 767965, at *11 (N.D. Cal. Feb. 28, 2011) (recognizing that disparate

27   impact "focus" on the entire "protected group" "[d]oes not leave older workers unprotected"

28   because discrimination within the protected group can be redressed through disparate treatment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

claims).[8]  This Court should follow the weight of authority, and find that Plaintiffs' sub-group disparate impact claim fails as a matter of law.

Even if Plaintiffs' subgroup claim were legally cognizable, their claim would still fail because they plead a disparity that is not statistically significant.  Plaintiffs argue that they are "not required to plead statistical evidence surpassing some magical threshold to state a plausible disparate impact claim" yet fail to even address *Paige* in their Opposition.  Plaintiffs do not dispute that the Ninth Circuit recognizes 1.96 standard deviations as the relevant statistical threshold for a disparate impact claim.  Plaintiffs only contend that they are "not required at the pleading stage to produce statistical evidence." Opp. at 25:8-11 (referencing Section III(D)(2)(ii)); *see also* Opp. at 22:20-24 (arguing Plaintiffs' disparity allegations are sufficient).  Whether that is true or not, it misses the point.  Plaintiffs *did* allege statistics, and they cannot disavow their allegations now.  *See Weisbuch*, 119 F.3d at 783 & n.1.  Plaintiffs' allegation of a disparity that measures 1.936 standard deviations "establish[es] facts compelling a decision one way," and that is as "good as if depositions and other expensively obtained evidence on summary judgment establish[] the identical facts."  *Id.* at 783 n.1; *see also Twombly*, 550 U.S. at 556 (allegations are "taken as true" for purposes of Federal Rule of Procedure 12).

## III.   **CONCLUSION**

For the reasons discussed above, the Court should grant Defendant's Motion to Dismiss the Complaint in its entirety.

/ / /

/ / /

---

[8] Other than the *Zeman* decision, Plaintiffs have provided no authority from the Northern District, or from any district within this Circuit, that recognizes an ADEA subgroup disparate impact claim.  While Plaintiffs cite *Fox*, an "unpublished disposition" from the Ninth Circuit in 2000, the case does not assist them even if it had precedential value, which it does not, because *Fox* did not address the subgroup issue.  Opp. at 25:1-4; *Fox v. Bonneville Admin.*, 243 F.3d 547 (9th Cir. 2000); Ninth Circuit Rule 36-3 (stating "[u]npublished dispositions and orders of this Court issued before January 1, 2007 *may not be cited*" except for limited circumstances not present here (emphasis added)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO

1   Dated: February 23, 2024                     MORGAN, LEWIS & BOCKIUS LLP

2

3                                           By   */s/ Brian D. Berry*
                                                Eric Meckley
4                                               Brian D. Berry
                                                Roshni C. Kapoor
5                                               Ashlee Cherry
                                                Kassia Stephenson

6                                               Attorneys for Defendant
                                                X CORP. f/k/a TWITTER, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS'
COMPLAINT
CASE NO. 4:23-CV-04016-AMO